209 A.2d 237.

EDWIN H. REYNOLDS *vs.* HAROLD V. LANGLOIS, *Warden.*

APRIL 21, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

ROBERTS, J. This petition for a writ of habeas corpus was brought to obtain the release of the petitioner from the allegedly unlawful custody of the respondent warden. He has been in the respondent's custody since April 11, 1951, when he was committed thereto pursuant to sentence of imprisonment for life imposed by a justice of the superior court under each of five indictments returned by the grand jury sitting within and for the county of Kent, charging him with murder in the first degree.

Accompanying the formal petition for the writ is a statement of facts, it being clearly petitioner's purpose to include these within the allegations of his petition. The respondent in his return admits custody of petitioner under a mittimus issued pursuant to sentence imposed by the superior court on each of said indictments and traverses all of the material allegations set out in the petition.

The petitioner alleges, in substance, that on August 30, 1950, shortly after the occurrence of a multiple slaying in Kent county, he was awakened at his home at about 12:30 a.m., taken to a police station, and there subjected to interrogation by four police officers for a period of four hours. During this interrogation, he alleges, he asked repeatedly to be allowed to contact counsel without success, being told that he was in a police station and not a courthouse. He concedes that at about 4:30 a.m. he signed a statement which contained information involving him in the slayings.

The petitioner alleges further that at no time during the interrogation was he informed that he had a right to remain silent or that any statement of an incriminatory nature that he might make could be used against him in court. To the contrary, he alleges that when he attempted to remain silent under interrogation he was threatened with physical violence, on one such occasion an interrogator threatening to shoot him.

The petitioner alleges also that he was arraigned in the district court at about 4:30 p.m. on August 30, 1950 and that he was bound over to the grand jury on a complaint charging murder in the first degree arising out of the death of Fred Duza. According to petitioner's allegations, he was not provided with, nor allowed to consult, counsel until some twenty-four days after his arrest and detention. He does not, however, allege in express terms that he was without counsel at his arraignment on August 30, 1950. After arraignment a motion for a change of venue was granted by the superior court, and petitioner was subsequently tried

on indictment No. 1471 in Providence county. After a trial, in which the defense of insanity was pressed, petitioner was found guilty by the jury of murder in the first degree.

The petitioner alleges that thereafter, being considerably disturbed by the jury's apparent disregard and rejection of "pertinent medical testimony" as to his lack of mental capacity, he concluded that his situation was hopeless, instructed his counsel to withdraw his pending motion for a new trial, and waived his right to appeal. As a result of these actions and the entry of a plea of nolo contendere in each of the four indictments remaining untried, a sentence to imprisonment for life was imposed.

The petitioner relies on *Escobedo* v. *State of Illinois,* 378 U. S. 478, 84 S. Ct. 1758, in asserting that the denial of assistance of counsel during the extrajudicial interrogation violated his federally protected rights under the fifth and sixth amendments. The factual situation as alleged in his petition is substantially that set out in *Escobedo* v. *State of Illinois, supra.* His argument, as we understand it, puts into issue the voluntariness of the confession obtained from him through that interrogation, which, he contends, was the only substantial evidence adduced by the state to prove his guilt. He now seeks to have the judgment of conviction declared null and void because that confession was obtained in violation of his federal rights. Because the confession was used against him only during the trial under indictment No. 1471, the sole issue before us is the validity of the judgment of conviction in that case.

The primary question to be decided is whether we will entertain his petition for postconviction relief when, at the proper time, he did not assert a violation of his federal rights in an appropriate and available state procedure in that he did not prosecute an appeal, provisions for such an appeal being an integral part of the criminal procedure of this state.

In *Fay* v. *Noia*, 372 U. S. 391, the Supreme Court of the United States considered the extent to which default in state appellate procedures constituting an adequate state ground of decision would preclude an exercise by the federal courts of the habeas jurisdiction. The default in that case consisted of a failure to prosecute an appeal and to raise therein a federal question involving a coerced confession. The court held that even if the procedural default constitutes an adequate nonfederal ground for refusing to decide the federal question in a state proceeding for a writ of error coram nobis, it would not preclude a federal court from passing on the federal questions raised in an exercise of the habeas jurisdiction. The court, at page 434, rejected "as unsound in principle, as well as not supported by authority, the suggestion that the federal courts are without power to grant habeas relief to an applicant whose federal claims would not be heard on direct review in this Court because of a procedural default furnishing an adequate and independent ground of state decision." In short, it now appears to be settled that the existence of adequate state ground for decision will not prevent the federal courts from passing on such federal questions in an exercise of their habeas jurisdiction.

In *Noia,* however, the court discloses a rule of restraint with respect to the exercise of the habeas jurisdiction by the federal courts. The opinion states that while such jurisdiction is not affected by procedural defaults incurred by the applicant during state court proceedings, there is "a limited discretion in the federal judge to deny relief to an applicant under certain circumstances." The court says at page 438: "We therefore hold that the federal habeas judge may in his discretion deny relief to an applicant who has deliberately by-passed the orderly procedure of the state courts and in so doing has forfeited his state court remedies." It is our opinion that the court contemplates restraint where some conduct on the part of an applicant with respect to

state procedures available to him in which the federal question could be tested is, in effect, a waiver of such state procedures. This because the court makes a specific reference to the controlling factor as waiver as defined in *Johnson* v. *Zerbst*, 304 U. S. 458.

The circumstances that would warrant a refusal to exercise the habeas jurisdiction of the federal court are stated in *Noia* at page 439 as follows: "If a habeas applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or *any other reasons* that can fairly be described as the deliberate by-passing of state procedures, then it is open to the federal court on habeas to deny him all relief if the state courts refused to entertain his federal claims on the merits—though of course only after the federal court has satisfied itself, by holding a hearing *or by some other means,* of the facts bearing upon the applicant's default." (italics ours) These are the criteria to which we must look in determining whether on the instant petition for habeas corpus we should pass upon the federal question raised by petitioner.

In *Noia* the supreme court held that because the failure of the applicant to pursue an appeal stemmed from his fear of the death penalty should he be found guilty on a second trial, his decision to default the state procedure was not an intentional bypassing thereof and therefore was not a waiver of his right to appeal that would constitute an adequate nonfederal ground for the decision of the state court. In these circumstances the federal court held that the determination of the federal question under its habeas jurisdiction was not foreclosed. But we are persuaded that in the instant case petitioner's action was an intentional bypassing of the state procedure.

In the allegations of his petition for the writ, he states

that he raised the defense of insanity by pleading insufficient mental capacity. He alleges also that his reason for failing to prosecute an appeal in 1951 was that he "was so mentally disturbed by the fact that the jury, who heard the case, completely ignored and disregarded pertinent medical testimony relating to the defendant's mental history and condition, lost whatever little hope he possessed and instructed his counsel to withdraw his motion for a new trial and waived his right to an appeal on a rendered judgment of first degree murder * * *."

The petition discloses that he decided to default the available state appeal procedure in 1951 after he had consulted with and directed counsel to withdraw the pending motion for a new trial. He suggests that hopelessness motivated this decision not to pursue the available appellate procedures because the jury's rejection of evidence bearing upon his want of mental capacity to commit a crime left him without any adequate defense to be presented at a new trial, if ordered. However, the necessary inference to be drawn from the decision to default is that it rested upon the conclusion that he had no adequate defense to present to the court. In so concluding we are drawing the only reasonable inference of which his allegation is susceptible and we are not speculating as to his motivation.

In the circumstances we find inescapable the conclusion that the decision constituted a deliberate bypassing of the available state appellate procedure, petitioner being persuaded of the futility of a new trial because of the inadequacy of the defense available to him. It is our opinion that this was an entirely rational decision to default the appeal procedure and that the circumstances are unlike those under which Noia decided to default the appeal available to him. In that case the court was of the opinion that a fear of execution motivated his default in the appellate procedure and nullified the voluntary character of the re-

linquishment thereof. We are unable to perceive in the instant case any circumstance that would serve to negative the voluntariness of the procedural default.

The instant default in the state procedural requirements did not result from inadvertence or neglect, to which reference is made in *Noia*. Forfeiture of petitioner's right to collateral relief in this court is valid, resting, as it does, upon a deliberate bypassing of the appeal procedures provided in our criminal procedure. This circumstance persuades us that the federal court will not exercise its habeas jurisdiction in vindication of the interests of the state requiring compliance with the established procedures in criminal causes.

We are fully aware that the decision in *Noia* resolves any question concerning the habeas jurisdiction of the federal court and the appropriateness of its exercise to enforce the federal rights where there has been a denial of such relief in the state courts resting on the doctrine of an adequate state ground consisting of a procedural default. We are equally aware that the state courts have a duty to pass upon the question of federal rights when such rights are enforceable under the habeas jurisdiction of the federal courts. We decline, however, to pass upon the federal question in the instant case because we have found inescapable the conclusion that the petitioner forfeited his right to collateral relief in this court by reason of the procedural default, which, in our opinion, was a deliberate bypassing of the state procedural requirements.

The petition for habeas corpus is denied and dismissed, the writ heretofore issued is quashed, and the petitioner is remanded to the custody of the respondent warden.

*Edwin H. Reynolds*, pro se.

*J. Joseph Nugent*, Attorney General, *Corinne P. Grande*, Special Counsel, for respondent.