### STATE *vs.* EMILE VANASSE.

#### JULY 2, 1919.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Stearns, and Rathbun, JJ.

*(1)  Criminal Law.   Evidence.   Credibility.*

A sentence for crime or misdemeanor may be shown to affect a witness' credibility, under Gen. Laws, 1909, cap. 292, § 43 whether such sentence is based upon a verdict or plea of guilty or upon a plea of *nolo contendere*.

*(2)  Criminal Law.   Intent.   Drunkenness.*

Voluntary intoxication is not a defence to any crime actually committed, but where a particular intent is charged which aggravates the offence actually committed and enlarges it into a greater offence, drunkenness may be offered to negative the specific intent but only when it is of such a degree as to completely paralyze the will of the respondent, take from him the power to withstand evil impulses and render his mind incapable of forming any sane design.

INDICTMENT. Heard on exceptions of respondent and overruled.

Sweetland, J.  This is an indictment charging the respondent with an assault with intent to commit rape upon Mary Anne Hargraves.

The case was tried before a justice of the Superior Court sitting with a jury and resulted in a verdict of guilty.  The respondent filed his motion for a new trial which was denied by said justice.  The case is before us upon the respondent's exception to the refusal of said justice to grant a new trial and upon certain exceptions taken by him in the course of the trial.

The exception to the refusal of said justice to grant a new trial is without merit.  It appears from the evidence presented by the State that on the fifteenth of April, 1918, between nine and ten o'clock in the evening, Mrs. Hargraves and a woman companion were walking along the Albion Road, so-called, in the town of Lincoln toward their home; that the respondent, a young man, accosted them, walked along near them, attempted to kiss the companion of Mrs. Hargraves, accompanying the attempt with indecent proposals to her; that the two women resisted him; that he seized Mrs. Hargraves, threw her to the ground and then made violent attempts to overpower her and reach her person.  The women screamed and cried "Murder."  Their screams and cries attracted the attention of three men who were at a house, a considerable distance away.  The three men hurried to the assistance of Mrs. Hargraves and her companion, and upon the approach of these men the respondent ran away and escaped.  The respondent, who testified, made no denial of this evidence but claimed that he had been drinking heavily upon the day in question and had no memory of his acts after five o'clock in the afternoon of that day.  He also presented the testimony of other witnesses that he had been drinking during the day and that in the early evening he appeared to be intoxicated.  His sole defence was that he was so drunk during the evening and night of April 15, 1918, as to be incapable of forming the intent to commit rape.  The evidence fully warranted

the finding that the respondent attempted to ravish Mrs. Hargraves and that his conduct made it plain that he appreciated what he was doing; that he understood the criminal nature of his act and the serious consequences which would follow to himself if he should be caught and held responsible for the assault.

During the cross-examination of the respondent the Assistant Attorney General asked of the respondent the following question with reference to a former indictment against the respondent: "The charge is assault with intent to commit rape on the person of Ella Holbrook, and in this court were you not sentenced to three years in the State's Prison ?" Upon the suggestion that the date was not included in the question the Assistant Attorney General added the following: "On May 10, 1915, were you not sentenced to three years at the State's Prison and served that sentence ?" The respondent's attorney objected to the question, excepted to the ruling of the justice directing the respondent to answer, and urges the exception before us. It appeared that the respondent had been sentenced on the former indictment after his plea of *nolo contendere* and he urges that his sentence to prison following such plea could not be shown at the trial of this indictment for the purpose of affecting his credibility. The respondent takes nothing by this exception. Section 43, Chapter 292, General Laws, 1909, is as follows: "Sec. 43. No person shall be deemed an incompetent witness because of his conviction of any crime, or sentence to imprisonment therefor; but shall be admitted to testify like any other witness, except that conviction or sentence for any crime or misdemeanor may be shown to affect his credibility." The language of this statute so far as it relates to a "sentence" for a crime or misdemeanor is unequivocal. In accordance with its plain provision a sentence for crime or misdemeanor may be shown to affect a witness' credibility whether such sentence is based upon a verdict or plea of guilty, or upon a plea of *nolo contendere.*

The respondent's exception to the refusal of said justice to charge the jury in accordance with the respondent's second request, and his exception taken to the Judge's charge are not sustained. The respondent's second request is not a correct statement of the law. He asked said justice to instruct the jury that the element of intent to commit the crime charged in the indictment is lacking when by reason of intoxication a respondent does not fully realize what he is doing. This request was much too broad. Such element can properly be found to be lacking only when the respondent's intoxication is so complete that he has become entirely incapable of forming the design with which he is charged. It is an elementary principle of criminal law that voluntary intoxication does not excuse the commission of an offence. Such intoxication is not a defence to any crime actually committed. When a particular intent is charged which aggravates the offence actually committed and enlarges it into a greater offence, as in the case under consideration the assault is alleged to have been made with intent to commit rape, then drunkenness is no excuse for the assault, but it may be offered to negative the specific intent charged, but only when the drunkenness is of such a degree as to completely paralyze the will of the respondent, take from him the power to withstand evil impulses and render his mind incapable of forming any sane design. The Judge's instruction to the jury was a correct statement of the law.

All of the respondent's exceptions are overruled and the case is remitted to the Superior Court for sentence.

*Antonio A. Capotosto, Asst. Atty. General,* for State.

*Eugene L. Jalbert,* for defendant.