206 A.2d 213.
STATE *vs.* EDWARD S. REPOSA.

JANUARY 13, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

JOSLIN, J. This is an indictment charging the defendant with robbery. He was tried before a justice of the superior court sitting with a jury and convicted. The defendant took several exceptions but the only ones he presses before us are to portions of the trial justice's charge to the jury.

The testimony is undisputed that on the night of September 26, 1961 the victim was assaulted by defendant and a companion, and money was taken from him. The relevant testimony of defendant on the facts material to the exceptions before us is that on the day in question he drank intoxicating liquors commencing in the early afternoon and continuing thereafter into the night; that in the early evening he met the victim with whom he had no prior acquaintance; that sometime later that night he was in a fight with a person whose identity he did not remember and at a location which he could not recall; and that he had no recollection of any money having been taken from the victim by either him or his companion.

The obvious purpose of such testimony was to raise the issue of whether defendant by his continued imbibing was

so completely intoxicated at the time of the commission of the act charged as to be entirely incapable of entertaining a specific intent to steal. The exceptions before us relate to those portions of the charge to the jury wherein they were instructed in substance that a specific intent was not an essential element of the crime of robbery and that voluntary intoxication was no defense to that crime.

The portions of the charge excepted to were undoubtedly premised upon the basic principle of criminal law that voluntary intoxication does not excuse the commission of a crime. While it is true that drunkenness is no defense to a crime actually committed, it is equally true that when a particular or specific intent is an essential element of the crime, it cannot have been committed if by reason of intoxication, voluntary or otherwise, the required intent could not exist. *State* v. *Vanasse*, 42 R. I. 278. Thus, if a specific intent be required to justify a conviction for robbery, and if by reason of intoxication an accused had no such intention, he could not have committed the crime.

In this state the common-law definition of robbery prevails. *State* v. *Domanski*, 57 R. I. 500. It consists of the "felonious and forcible taking from the person of another of goods or money to any value by violence or putting him in fear." 4 Black. Comm. 241. The taking, just as in larceny, must be *animo furandi, Rex* v. *Hall,* 3 Car. & P. 409, *Rex* v. *Donnally,* 1 Leach 193, 195, and "The felonious quality consists in the *intention* of the prisoner to defraud the owner and to apply the thing stolen to his own use * * * ." 4 Black. Comm. 232 n. 6. In other words, for a taking to be felonious, there must be a specific intention to deprive another wholly and permanently of his property, *Jones* v. *Commonwealth,* 172 Va. 615, *Commonwealth* v. *White*, 133 Pa. 182, *Sledge* v. *State*, 99 Ga. 684, 2 Wharton, Criminal Law (12th ed.) §1085, p. 1379; or as the court said in *United States* v. *Nedley,* 255 F.2d 350, "The very gravaman of robbery is the felonious intent—*animus furandi*—

the intention to steal." Our own decisions, at least inferentially, recognize this principle. *State* v. *Boswell*, 73 R. I. 358, 363; *Morris Plan Co.* v. *Firemen's Fund Ins. Co.*, 49 R. I. 159; *State* v. *McAndrews*, 15 R. I. 30; *State* v. *McCune*, 5 R. I. 60. In the *Morris Plan Co.* case, referring to what constituted a larceny and theft, at page 162 we said: "The intention of the taking is decisive of the character of the act. This question of the intent was a question for the jury."

Here the theory of defendant at the trial was that he was so far under the influence of liquor as to have been incapable of forming an intent to deprive the victim wholly and permanently of his property when the money was taken from his person by force. The trial justice was aware of the evidence of defendant's intoxication and recognized the purpose for which it had been offered. Referring to the testimony, he charged the jury: "I don't know what the purpose of that evidence has been"; and as to the issue developed by that evidence, his instruction was: "Now, in this case there is no specific intent that aggravates the offense of robbery. Therefore, intoxication, no matter to what degree, is no defense to commission of robbery * * * it is no defense he was drunk or intoxicated as he claims."

In so instructing, the trial justice eliminated from the jury's consideration the evidence as to defendant's intoxication and the degree thereof and deprived him of the right to have the jury pass upon its sufficiency as proof that he was so intoxicated as to have been incapable of feloniously intending to steal. This was error. A proper consideration of the issues raised by defendant's testimony required an instruction as to the possible effect of his intoxication on his state of mind at the time he did the act charged. *State* v. *McAndrews, supra; Chatham* v. *State*, 92 Ala. 47; *People* v. *Walker*, 38 Mich. 156; *Edwards* v. *State*, 178 Miss. 696; *People* v. *Sanchez*, 35 Cal.2d 316; *Latimer* v. *State*,

55 Neb. 609; *Terhune* v. *Commonwealth,* 144 Ky. 370; *Huffman* v. *State,* 24 Okla. Crim. 292.

In the circumstances it was the duty of the trial justice to charge in accordance with the rule laid down in *State* v. *Vanasse, supra,* as to the degree of intoxication required to negative the requisite specific intent.

The principle here invoked, however, is not without exception. It does not apply where the intention to commit the crime precedes the act as, for example, in the instance of an accused who, meaning and intending to commit a criminal act requiring a specific intent, fortifies himself by drink for the event. In such a case, voluntary intoxication without regard to the degree thereof is of no avail as a defense. *People* v. *Bartz,* 342 Ill. 56; *Garner* v. *State,* 28 Fla. 113.

The defendant's exceptions numbered 11 and 12 are sustained, and the case is remitted to the superior court for a new trial.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel, for State.

*Robert J. Ferranty, R. Gordon Butler,* for defendant.