279 A.2d 428.

STATE vs. DONALD R. AMARAL.

JULY 21, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. At approximately 1:45 a.m. on October 24, 1968, certain members of the Woonsocket Police Department arrived at the front of a local cafe to investigate a reported break. They found the glass front door completely shattered. Patrolman Robert O'Rourke was ordered to go to the rear of the premises. When Patrolman O'Rourke arrived at his assigned location, he observed one half of the defendant's body "sticking out" a broken window which constituted the upper portion of the cafe's back door. The defendant was arrested and charged with violating G. L. 1956, §11-8-4, which makes it a felony to break and enter into a place of business in the nighttime with the intent to commit larceny therein. He was tried before a Superior Court jury and found guilty as charged.

The defendant's sole reason of appeal is his exception to the trial justice's failure to charge the jury that it should acquit him if it determined that defendant was so intoxicated as to be incapable of forming the intent required by the statute. We find no error.

On October 24, 1968, Amaral was a patron at the Club Downbeat. It is situated in Woonsocket on Clinton Street. The evidence shows that Amaral was standing at the bar when the cafe's proprietor arrived at 12:30 a.m. She was there to insure that the bar closed its operation at 1 a.m. This is the closing time mandated by state law. The record discloses that Amaral ordered just one drink— a double brandy with water on the side. At 1 a.m. the proprietor shut down the bar. She informed defendant that if he did not drink up, she would "dump" his drink. The defendant did not consume any more of the double brandy and the proprietor, being true to her word, "dumped" defendant's drink. The defendant was present when the proprietor took the cash box containing the night's receipts and secreted the box in a beer cooler. Amaral left the cafe and shortly thereafter, the proprietor locked up the premises. It was now 1:30 a.m.

When the police had apprehended Amaral (some 15 minutes after the cafe had been secured), they noticed that the glass front door had been shattered by a huge rock. The beer taps had been opened and the beer was spilling onto the floor. The cash box had been carried from the cooler to a shuffle board located near the rear door.

The defendant argues that it is inconceivable that a sober man bent on stealing the cafe's receipts would have gone about it the way he did. Nobody, he says, would enter the bar by throwing a large rock through the glass door. The resulting noise, he claims, would undoubtedly have alerted the nearby residents to the break. He also

asks us to consider if a thief with larceny on his mind would take the trouble of turning on the beer taps. Finally, he says that only a thief who is "looped to the gills" would try to escape by squeezing through the narrow window found at the back door. All of these observations are speculative. They find no support whatever in the record. It may be that to those more proficient in the art, Amaral's breaking and entering technique leaves much to be desired but there is nothing in the evidence which warrants a conclusion that his unsuccessful attempt to carry away the cash box was attributable to his alleged supersaturation with liquor.

When a specific intent is an essential element of a crime, there is no such crime when the degree of the accused's intoxication is such that it completely negates his ability to formulate the requisite intent. *State* v. *Murphy,* 107 R. I. 737, 271 A.2d 310; *State* v. *Raposa,* 99 R. I. 147, 206 A.2d 213; *State* v. *Vanasse,* 42 R. I. 278, 107 A. 85. Where, as here, defendant claims that circumstances exist which would serve to exempt his conduct from the effect of the statute, it is his burden to adduce evidence from which a jury could find the gross intoxication which would show that he could not have formed the specific intent to commit larceny. This was in the nature of an affirmative defense. *State* v. *Deans,* 93 R. I. 266, 174 A.2d 666. The trial justice is obligated to instruct only on those issues raised by the evidence presented at trial. There must be an evidentiary basis for the instructions sought. If there is no such evidence, then there is no need for the instructions which the defendant now says should have been given. *State* v. *Butler,* 107 R. I. 489, 268 A.2d 433. *See also State* v. *Goff,* 107 R. I. 331, 267 A.2d 686. The only evidence as to the amount of alcohol consumed by the defendant came from the cafe's proprietor. She testified that she poured three-fourths of her customer's double shot of

brandy down the bar's drain. There is nothing in this record which would warrant any inference that the few swallows of brandy savored by the defendant made him drunk to such a degree as to "completely paralyze" his will or took from him "the power to withstand evil impulses" and rendered "his mind incapable of forming any sane design." These quoted portions are taken from the intoxication test laid out in *State* v. *Vanasse, supra.*

The defendant's exception is overruled and the case is remitted to the Superior Court.

*Richard J. Israel,* Attorney Genenral, *Donald P. Ryan,* Asst. Attorney General, *Bennett R. Gallo,* Special Asst. Attorney General, for plaintiff.

*James Cardono,* Public Defender, *Paul E. Kelley,* Asst. Public Defender, for defendant.