STATE

v.

**Raymond DUGGAN.**

No. 78–388–C.A.

Supreme Court of Rhode Island.

May 9, 1980.

Dennis J. Roberts II, Atty. Gen., Faith A. LaSalle, Sp. Asst. Atty. Gen., for plaintiff.

John A. MacFadyen III, Asst. Public Defender, for defendant.

## OPINION

MURRAY, Justice.

The petitioner appeals from denial of his application for postconviction relief filed pursuant to G.L.1956 (1969 Reenactment) §§ 10–9.1–1 through 10–9.1–9.[1] The petitioner claims that his convictions rest on evidence gathered in violation of his constitutional rights.

On December 19, 1974, two men wearing ski masks robbed a Sunnybrook Farms store in Providence. One of the men carried a nickel-plated handgun. The police apprehended the driver of the escape vehicle a short distance from the store, but the two men who entered the store eluded capture at that time.

Both the officer who arrested the driver and the driver himself identified petitioner as one of the men involved in the robbery. The Providence police department secured a warrant for petitioner's arrest on December 23, 1974. A detective executed the warrant and arrested petitioner in his apartment on January 2, 1975. The police also seized in petitioner's apartment a gun later identified as the weapon used in the robbery.

At petitioner's trial, the state presented testimony concerning the circumstances of his arrest. The state also introduced into evidence the gun seized in petitioner's apartment. The petitioner's counsel sought to suppress the gun, asserting it was not seized as a lawful incident to petitioner's arrest. The trial justice rejected those contentions, and counsel raised no further objections to introduction of the gun into evidence.

The jury convicted petitioner of robbery and conspiracy to rob on July 22, 1975. Trial counsel filed a timely appeal but withdrew as counsel prior to argument. The petitioner's replacement counsel concluded that the police had relied on a facially defective arrest warrant to enter the apartment, effect the arrest, and seize the gun. Counsel determined that the gun could have been suppressed at trial as the fruit of an illegal arrest.

Appellate counsel's examination of the record convinced her that she could not properly raise the defective-warrant issue on appeal. Instead, she considered an application for postconviction relief appropriate to contest the validity of the warrant.[2] After consultation with counsel, petitioner withdrew his appeal and filed an application for postconviction relief.

A Superior Court justice denied petitioner's application for postconviction relief on two grounds of waiver. First, he determined that withdrawal of petitioner's appeal operated as a waiver of the warrant issue in postconviction proceedings. He found also that petitioner and trial counsel deliberately bypassed the warrant issue at trial, thereby waiving his right to raise it in subsequent proceedings.

■ The Post Conviction Remedy Act provides in § 10–9.1–1(b): "This remedy is not a substitute for * * * direct review of the sentence or conviction." The phrase "[this] remedy is not a substitute for * * direct review" indicates a legislative intent that criminal defendants present on appeal

---

1. General Laws 1956 (1969 Reenactment) chapter 9.1 of title 10 was enacted by P.L.1974, ch. 220, § 3.

2. The petitioner's claim was cognizable in postconviction proceedings; he claimed that he was convicted "in violation of the constitution of the United States or the constitution * * * of this state." General Laws 1956 (1969 Reenactment) § 10–9.1–1(a)(1).

all issues that can be disposed of by direct review. The Legislature could have reasonably determined that limited availability of the postconviction remedy will prevent waste of judicial resources. In addition to the direct appeal available to a defendant after conviction, both parties in a postconviction proceeding may appeal to this court from an adverse judgment.[3] Thus, unrestricted access to the postconviction remedy could result in piecemeal review of convictions in this court.

■ Legislative intent controls judicial interpretation when it is ascertainable and within legislative competence. *Vaudreuil v. Nelson Engineering and Construction Co.*, R.I., 399 A.2d 1220 (1979); *Little v. Conflict of Interest Commission*, R.I., 397 A.2d 884 (1979). The Legislature's power to prescribe the limits of the postconviction remedy is not at issue. We must therefore give effect to the intent of the Legislature in its enactment of § 10–9.1–1(b).

■ We rule therefore that a petitioner seeking postconviction relief must first satisfy the court that direct review of the issues presented in his application was not available to him. Thus, the petitioner who elects to pursue postconviction relief instead of an appeal does so at his peril. His bypass of the appeal will foreclose further consideration of all issues that could have been reviewed directly. To rule otherwise would permit substitution of postconviction proceedings for direct appeal, in contravention of the Legislature's mandate.

■ On appeal, we shall not review objections to evidence which were not raised at trial. *State v. Crescenzo*, 114 R.I. 242, 332 A.2d 421 (1975). Counsel must object to a specific ruling to preserve issues for direct review; a blanket or general objection will not suffice. *State v. Freitas*, R.I., 399 A.2d 1217 (1979); *State v. Levitt*, 118 R.I. 32, 371 A.2d 596 (1977); *State v. Quattrocchi*, 103 R.I. 115, 235 A.2d 99 (1967).

■ In certain limited circumstances, however, we will review alleged deprivations of basic constitutional rights for the first time on appeal. *State v. McGehearty*, R.I., 394 A.2d 1348 (1978). Before we will entertain such claims on appeal, the trial record must indicate clearly that the defendant did not deliberately bypass the issue at trial. The record must reveal also that the alleged deprivation of basic constitutional rights would not constitute harmless error. *Id.* 394 A.2d at 1352. In the vast majority of cases, we are unable to resolve the deliberate bypass question on direct appeal. McGehearty raised on appeal novel constitutional claims unappreciated by his counsel at the time of trial. *State v. Pope*, R.I., 414 A.2d 781 (1980). In light of the novelty of the defendant's constitutional claim, we found the record "not reasonably susceptible of the inference that trial counsel's failure to object * * * was dictated by trial strategy * * *." *State v. McGehearty*, 394 A.2d at 1352–53.

■ In this case we could not have reviewed the warrant issue on direct appeal. The petitioner did not challenge the validity of the warrant at trial. Unlike the defendant in *State v. McGehearty*, petitioner does not raise novel constitutional claims that were unappreciated by his counsel at trial. Rather, he seeks application of settled constitutional principles to the facts of his case. If petitioner had raised the warrant issue on appeal, we would have remitted him to postconviction proceedings to determine whether his constitutional claims were waived as a matter of trial strategy. *Id.* 394 A.2d at 1352. We hold under these circumstances that the justice erred in finding that withdrawal of petitioner's appeal precluded postconviction review of the warrant.

■ As a second ground for his decision, the justice found that petitioner deliberately bypassed the warrant issue at trial. He then properly concluded that a strategic

---

**3.** General Laws 1956 (1969 Reenactment) § 10–9.1–9 provides: "A final judgment entered * * shall be appealable to the supreme court in the same manner and subject to the same requirements as a final judgment in a civil action."

decision to avoid the issue operated as a waiver in all subsequent proceedings.[4] The justice considered the trial transcript and testimony of petitioner's trial counsel to make his finding. He allocated the burden of proof, correctly, requiring petitioner to show by a preponderance of the evidence that he did not deliberately bypass the warrant issue at trial. *Bowman v. Wainwright*, 460 F.2d 1298 (5th Cir. 1972).[5] The justice found that counsel

> "knew of the search warrant and the affidavit upon which it was based, and of the gun involved in the robbery. The decision to disclaim knowledge of the gun was the defendant's. The decision to not contest the search and seizure of the gun by the Providence Police was the result of trial counsel's trial strategy and judgment, and was concurred in by the defendant."

We shall not disturb on appeal the justice's finding of fact unless he was clearly wrong or has overlooked or misconceived material evidence. *Kem Manufacturing Corporation v. Howland*, R.I., 401 A.2d 1284 (1979); *Duffy v. Mollo*, R.I., 400 A.2d 263 (1979).[6] The petitioner contends that the justice was clearly wrong to discredit his trial counsel's testimony that counsel did not learn of the warrant until after the

trial,[7] because the state offered no evidence to contradict trial counsel's testimony. He relies on the principle that uncontroverted testimony ordinarily binds the trier of fact. *State v. A. Capuano Bros., Inc.*, R.I., 384 A.2d 610, 613 (1978).

The trier of fact should state his reasons when rejecting evidence that is on its face apparently free from contradiction and inconsistency. *Milliken v. Milliken*, R.I., 390 A.2d 934, 936 (1978). The trier of fact may, however, reject testimony containing "inherent improbabilities or contradictions which, alone or in conjunction with other circumstances in evidence * * *" satisfy him that the testimony is false. *Correia v. Norberg*, R.I., 391 A.2d 94, 98 (1978).

In a written decision, the justice did state a reason for rejecting trial counsel's testimony. He found it "inconceivable" that an attorney of trial counsel's "experience and caliber would discuss the gun with Mr. Duggan, but overlook the search warrant that brought out the gun." Furthermore, petitioner stipulated to the entry of the entire trial transcript into evidence prior to the postconviction hearing. The transcript reveals that the state attempted to question the arresting officer about the

---

**4.** We ruled in *State v. Lanoue*, 117 R.I. 342, 344, 366 A.2d 1158, 1160 (1976) and *Palmigiano v. Mullen*, R.I., 377 A.2d 242, 248 (1977), that substitution of the postconviction remedy for the writs of error coram nobis and habeas corpus, respectively, effected a change in procedure, but not in substance. We therefore interpret the Post Conviction Remedy Act to incorporate the substance of those remedies. See *Commissioner's Comment to Uniform Post-Conviction Procedure Act § 1*. Prior to the enactment of the Act, we adopted for purposes of Rhode Island habeas proceedings the intentional bypass rule announced in *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). *Reynolds v. Langlois*, 99 R.I. 555, 209 A.2d 237 (1965). We recognize that *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), abandoned the deliberate bypass rule articulated previously in *Fay v. Noia, supra*. In *State v. McGehearty*, R.I., 394 A.2d 1348, 1352 (1978), we reaffirmed the use in Rhode Island of the *Fay v. Noia* deliberate bypass rule, irrespective of *Wainwright v. Sykes, supra*.

**5.** In light of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (see note 4, *supra*), the burden of proof on the question of deliberate bypass is no longer relevant to federal habeas proceedings. In Rhode Island we still apply the deliberate bypass rule, *State v. McGehearty*, R.I., 394 A.2d 1348 (1978), and therefore consider *Bowman v. Wainwright*, 460 F.2d 1298 (5th Cir. 1972), persuasive authority with respect to petitioner's burden of proof on that issue.

**6.** We apply the civil appellate rule in light of G.L.1956 (1969 Reenactment) § 10–9.1–9 and § 10–9.1–7 which provides in part, "All rules and statutes applicable in civil proceedings shall apply * * *."

**7.** Trial counsel testified that he did not learn of the arrest warrant until a week before the postconviction hearing. He testified also that if he had had the arrest warrant prior to or during trial, he would have "attacked differently."

warrant. Defense counsel interposed objections to each reference. The trial court then instructed the prosecuting attorney to "refrain from the Arrest Warrant." Although those references to the warrant do not establish conclusively that trial counsel knew of the warrant at trial, they do tend to discredit counsel's postconviction testimony. The trial references to the warrant, therefore, constitute sufficient "other circumstances in evidence" to support rejection of trial counsel's testimony. *Correia v. Norberg*, 391 A.2d at 98. The justice was free to accord greater weight to the transcript than to counsel's testimony. *Nocera v. Lembo*, R.I., 397 A.2d 524 (1979). The justice's determination concerning credibility is, therefore, binding on this court. *Kem Manufacturing Corporation v. Howland* and *Nocera v. Lembo*, both *supra*.

We hold that the justice did not clearly err in finding that the petitioner intentionally bypassed the warrant issue at trial. That finding precluded consideration of the warrant issue in postconviction proceedings. *State v. McGehearty, supra.* Thus, we do not reach the merits of his constitutional claims in this appeal.

The petitioner's appeal from the denial of his application for postconviction relief is denied and dismissed, the judgment appealed from is affirmed, and we remand the case to the Superior Court with our decision endorsed thereon.