Harry SHARBUNO, Jr.

v.

John J. MORAN.

No. 79–442–C.A.

Supreme Court of Rhode Island.

May 18, 1981.

Barbara Hurst and Paula Rosin, Asst. Public Defenders, for petitioner.

Dennis J. Roberts II, Atty. Gen., Joseph P. Ippolito, Jr., Sp. Asst. Atty. Gen., for defendant.

OPINION

MURRAY, Justice.

This case comes before us on an appeal from a denial of an application for postconviction relief pursuant to G.L. 1956 (1969 Reenactment) §§ 10–9.1–1 through 10–9.1–9, as enacted by P.L. 1974, ch. 220, § 3. The trial justice denied the petitioner's requested relief. He did fashion a partial remedy on the petitioner's behalf by granting the petitioner a new trial on the possession counts of the indictments. The petitioner now presents claims of error allegedly committed by the trial justice.

The petitioner was originally tried on four counts of a five-count indictment,

charging him with two counts of possession of a controlled substance, delivery of a controlled substance, and delivery of a controlled substance to a minor.[1]

The petitioner was convicted on all four counts, and his appeal therefrom subsequently was denied and dismissed by this court. *State v. Sharbuno*, R.I., 390 A.2d 915 (1978).

The petitioner then filed an application for postconviction relief. In his order, the trial justice granted petitioner a new trial on the indictment counts charging possession. In so doing, he denied petitioner's request that he dismiss these counts. The trial justice further denied petitioner's request for retrial on the counts charging him with delivery of a controlled substance.

The petitioner claims as error the trial justice's denial of his prayer to dismiss the possession charges. He argues that they are lesser included offenses of delivery of a controlled substance and that his right to be free from double jeopardy precludes conviction for both possession and delivery. We agree.

In *State v. Anil*, R.I., 417 A.2d 1367 (1980), we held that possession of a controlled substance with intent to deliver is a lesser included offense of delivery of a controlled substance. *Id.* 417 A.2d at 1374. In addition, we held in *State v. Sundel*, R.I., 402 A.2d 585 (1979), that the offense of simple possession is a lesser included offense of the crime of possession with intent to deliver. *Id.* 402 A.2d at 590. Therefore, it is axiomatic that the offense of simple possession of a controlled substance in violation of G.L. 1956 (1968 Reenactment) § 21–28–4.01(C) is a lesser included offense of delivery of a controlled substance under §§ 21–28–4.01(A) and 21–28–4.07(A). Common sense refutes any other view since delivery requires that one also must have possession of the matter. The petitioner's conviction under both statutes violates the constitutional proscription against double jeopardy. For this reason we reverse petitioner's conviction on the counts in his indictment charging him with simple possession of a controlled substance and vacate the trial justice's order granting a new trial on these counts.

The petitioner's other assignment of error states that the trial justice erred in refusing to grant him a new trial on the charges of delivery. At the trial of the substantive offenses, petitioner attempted to raise the defense of voluntary intoxication.[2] The trial justice instructed the jury that petitioner had the burden of proving his defense by a fair preponderance of the evidence, in accordance with *State v. Duffy*, 112 R.I. 276, 308 A.2d 796 (1973). Subsequent to his conviction and the denial of his appeal therefrom, this court reversed *Duffy* in *State v. McGehearty*, R.I., 394 A.2d 1348 (1978). In *McGehearty*, we held that it was a violation of a defendant's right to a fair trial to require him to shoulder the burden of persuasion concerning his defense of voluntary intoxication.

Relying on our decision in *McGehearty*, petitioner seeks a new trial on the delivery charges in order to take advantage of the new rule requiring the prosecution to ne-

---

1. The relevant statutes of G.L. 1956 (1968 Reenactment), § 21–28–4.01(A), (C) and 21–28–4.07(A), as enacted by P.L. 1974, ch. 183, § 2 read as follows:

    "§ 21–28–4.01(A): Except as authorized by this chapter, it shall be unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver a controlled substance."

    " * * * "

    "§ 21–28–4.01(C): It shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from or pursuant to, valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this chapter.

    "§ 21–28–4.07(A): Any person eighteen (18) years of age or over who violates § 21–28–4.01(A) by distributing a controlled substance, excluding marijuana, listed in schedules I and II to a person under eighteen (18) years of age who is at least three (3) years his junior may be imprisoned to a term up to life."

2. The state's brief raises some question regarding whether petitioner properly raised the defense. However, we need not reach this issue in view of our decision on the merits, *infra*.

gate his defense beyond a reasonable doubt.[3] The petitioner misapprehends the nature of the *mens rea* requirement for the crime of delivery.

In light of our holding above, that possession is a lesser included offense of delivery, the mental state required to prove possession must also be present to make out the offense of delivery under §§ 21–28–4.01(A) and 21–28–4.07(A). Although neither § 21–28–4.01(A) nor § 21–28–4.07(A) (the statutory sections involved in the two delivery counts) makes a direct reference to any knowledge or intent requirement, we have held that possession of a controlled substance under an earlier statute [4] does require a general knowledge of the nature of the substance possessed. *State v. Gilman*, 110 R.I. 207, 215, 291 A.2d 425, 430 (1972). *See State v. Olsen*, 113 R.I. 164, 319 A.2d 27 (1974); *State v. Fortes*, 110 R.I. 406, 293 A.2d 506 (1972). In *Gilman* we expressed our intent to "follow the lead of those jurisdictions who construe the word 'possess' when used in a criminal statute to mean an intentional control of a designated object with knowledge of its nature." *State v. Gilman*, 110 R.I. at 215, 291 A.2d at 430 (*citing People v. Williams*, 5 Cal.3d 211, 95 Cal.Rptr. 530, 485 P.2d 1146 (1971)). *See State v. Harris*, 159 Conn. 521, 271 A.2d 74 (1970); *State v. Reed*, 34 N.J. 554, 170 A.2d 419 (1961). This court went on to say that "[s]ince possession of an object involves the power to control and intent to control, knowledge of the nature of the object must necessarily precede the intent or the exercise of such control." *State v. Gilman*, 110 R.I. at 215, 291 A.2d at 430. This conscious-possession requirement is a necessary safeguard against the conviction of an unwitting defendant. *See State v. Labato*, 7 N.J. 137, 80 A.2d 617 (1951); *State v. Gilman, supra*. In drafting the current statute prohibiting possession of a controlled substance,[5] the Legislature recognized the need for including a general-intent element in the definition of the offense. This is evident in the use of the "knowingly or intentionally" language in § 21–28–4.01(C).

■ Having determined that the lesser included offense of possession of a controlled substance requires guilty knowledge of "conscious possession," *State v. Gilman, supra*, we find that a conviction on an indictment charging delivery of the controlled substance also requires proof of such a general intent.

■ It is clear, however, that neither possession nor delivery of a controlled substance is a specific-intent crime. Therefore, petitioner may not avail himself of the defense of voluntary intoxication, which is only applicable to negate the intent element in specific intent crimes. *See Danahey v. State*, R.I., 373 A.2d 489 (1977); *State v. Turley*, 113 R.I. 104, 318 A.2d 455 (1974); *State v. Duffy*, 112 R.I. 276, 308 A.2d 796 (1973).

Our holding today is consistent with such cases as *State v. Dunn*, 246 S.E.2d 245 (W.Va.1978) and *Applegate v. State*, 301 So.2d 853 (Miss.1974). In both of the above cited cases, the statute in question was essentially identical to § 21–28–4.01(A). In these cases, the courts held the absence of statutory language relative to intent is no bar to a finding that a general intent is required for conviction on the delivery charge.

Based on the foregoing, we conclude that the petitioner is not entitled to a new trial in which he may assert both the defense of voluntary intoxication and the concomitant *McGehearty* charge. The crime of delivery with which he is charged is a general intent offense, and it may not be vitiated by the defense of intoxication.

Therefore, the appeal is sustained in part, denied in part. The case is remanded to the

---

**3.** Because it is not necessary to the determination of the issues in the instant appeal, we make no express ruling regarding the retroactivity of *State v. McGehearty*, R.I., 394 A.2d 1348 (1978).

**4.** General Laws 1956 (1968 Reenactment) § 21–29–3(d). This section was repealed by P.L. 1974, ch. 183, § 1.

**5.** General Laws 1956 (1968 Reenactment) § 21–28–4.01(C).

Superior Court for entry of judgment consistent with this opinion.

SHEA, J., did not participate.