STATE

v.

James J. CARVALHO.

No. 81-143-C.A.

Supreme Court of Rhode Island.

July 30, 1982.

Dennis J. Roberts II, Atty. Gen., Judith Crowell, Sp. Asst. Atty. Gen., for plaintiff.

John F. Cicilline, Providence, for defendant.

OPINION

BEVILACQUA, Chief Justice.

This is an appeal from a judgment denying the defendant's application for postconviction relief in which the defendant claims that the trial justice made certain erroneous evidentiary rulings.

The defendant, James J. Carvalho, was charged with a rape that occurred in Providence in the early-morning hours of October 22, 1976. The victim testified that she had returned to her home at that time after having spent the evening at the Safari Lounge, a neighborhood drinking establishment. As she stood on the sidewalk in front of her house and searched for her house key, a man driving a small, dark car stopped and inquired whether she wished to go for a ride with him. The individual departed, however, when the victim swung her purse at him and ordered him to leave. Several minutes later, while standing on the front porch to her house, she was grabbed from behind, pulled into a neighboring backyard, and raped. She screamed once, but her assailant clamped his hand over her mouth and threatened to kill her if she made any more noise. After the attack, the assailant walked down the driveway into the street. His victim followed a few feet behind him. The assailant fled when the victim, having spotted two police cars nearby, began to scream for help.

A police officer responding to the screams received a description of the assailant from the victim and sent out a broadcast of that description. The defendant was arrested

five minutes later in the vicinity of the assault, driving his car at high speed with its lights out. Police brought him to the scene of the rape, where the victim immediately identified him as her assailant.

The physician who examined the victim stated that there were multiple abrasions located on her body. He further testified that his findings, which were derived from a pelvic examination, were consistent with forcible penetration.

In his testimony, defendant did not deny having engaged in sexual relations with the victim on that morning. He maintained, however, that their encounter was consensual.

At the commencement of the trial, defense counsel requested the trial justice to allow the jury to view the Safari Lounge, which request the trial justice denied. During cross-examination of the victim, defense counsel attempted to question her as to her use of alcohol and other drugs and her institutionalization. Specifically, defense counsel attempted to introduce evidence that on November 3, 1974, the witness was admitted into the Institute of Mental Health, where she underwent treatment for alcoholism. After conducting a voir dire, the trial justice sustained the state's objection to the admission of this evidence. The trial justice also prohibited defense counsel from questioning the victim regarding prior claims of assault which she had made against other individuals.

The defendant was found guilty of the crime charged. This court denied his direct appeal in *State v. Carvalho,* R.I., 409 A.2d 132 (1979). In the appeal defendant was represented by his trial counsel. After retaining new counsel, defendant applied for postconviction relief, alleging that the trial justice erred in denying defendant's motion to allow the jury to view the Safari Lounge and in limiting the cross-examination of the victim on the issues of her use of alcohol

and other drugs, her institutionalization, and her prior complaints of assault.[1] These issues were not presented on direct appeal. The justice at the postconviction hearing found that defendant's failure to raise these issues on appeal constituted a waiver of such issues, and held that defendant was therefore not entitled to postconviction relief.

The Post Conviction Remedy Act, General Laws 1956 (1969 Reenactment) § 10–9.1–1(b), as enacted by P.L. 1974, ch. 220, § 3, provides: "This remedy is not a substitute for * * * direct review of the sentence or conviction." In *State v. Duggan,* R.I., 414 A.2d 788, 790–91 (1980), we interpreted this language to mean that the legislative intent behind this statute was that a petitioner seeking postconviction relief is precluded from presenting in his application all those issues that could have been reviewed directly.

█ Rule 51 of the Superior Court Rules of Criminal Procedure is determinative of whether the issues raised in defendant's application for postconviction relief could have been presented on direct appeal. That rule provides, in pertinent part, as follows:

> "Formal exceptions to rulings or orders of the court are unnecessary; but for all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor if requested * * *."

It is clear that defendant satisfied the requirements of Rule 51 in regard to the issues raised here. The trial justice's denial of defendant's motion for a view of the Safari Lounge operated to preserve defendant's direct appeal of that issue. Similarly,

---

1. The defendant also argued that both the grand jury that indicted him and the petit jury that convicted him had been unconstitutionally composed. The postconviction justice found that defendant's failure to raise this issue within the time requirements of Super.R.Crim.P. 12(b)(2), (3), coupled with a failure to show actual prejudice and good cause for relief from such time requirements, amounted to a waiver of that issue. The defendant does not contest this ruling on the present appeal.

when the trial justice restricted the cross-examination of the victim, defense counsel preserved his right to direct review by offering his grounds for wanting to inquire into the prohibited areas.

The defendant contends, however, that his appellate counsel's failure to brief and argue the three issues that form the basis of the postconviction-relief application should not preclude petitioner from raising these issues now, absent a showing that defendant knowingly and intelligently condoned appellate counsel's course of action. The defendant argues, in effect, that in order to find waiver of issues not raised on direct appeal, we should require that the record show that defendant's counsel, prior to filing his brief and presenting oral argument, conferred with his client about what issues should or should not be raised on that appeal. We disagree. Adoption of this requirement would undoubtedly encourage the raising of frivolous issues on appeal. Moreover, defendant's suggested consultation would, in a great many cases, be an exercise in futility. Many individuals simply do not recognize or appreciate many of the legal issues that tend to arise in the adjudication of criminal matters. Because such an individual presumably would never be able to determine knowingly and intelligently the meritoriousness of issues that might be raised, he could not be deemed to have waived issues not presented on appeal or at a subsequent proceeding. Consequently, he would be entitled to bring petition after petition for postconviction relief in which he could raise new issues each time. We fail to see the advisability of making such a scenario possible. We hold, therefore, that a defendant generally may not divorce himself from responsibility for his counsel's failure to present issues on direct appeal, absent a claim that counsel's failure to raise such issues resulted in a denial of the defendant's right to effective assistance of counsel. The defendant here

does not assert such a claim. Accordingly, because the issues forming the basis of defendant's postconviction-relief application were available for direct review, they are deemed to be waived.

We note that our present holding does not conflict with previous rulings. This court has stated that review of alleged basic constitutional errors "should be available if the failure to comply with the procedural requirement is not a 'deliberate bypass,' if it does not constitute 'sandbagging' by a defense lawyer, and if the record discloses that the breach complained of will constitute something more than harmless error." (Footnote omitted.) *State v. McGehearty*, R.I., 394 A.2d 1348, 1352 (1978); see *Mastracchio v. Houle*, R.I., 416 A.2d 116 (1980); *State v. Pope*, R.I., 414 A.2d 781 (1980); *State v. Duggan*, R.I., 414 A.2d 788 (1980); *Infantolino v. State*, R.I., 414 A.2d 793 (1980). Although *McGehearty* involved the failure of a defendant's trial counsel to raise an issue at the trial level rather than the failure of a defendant's appellate counsel to present an issue on direct appeal, *McGehearty* applies with equal force to the latter situation. *Mastracchio v. Houle*, 416 A.2d at 119. Under certain limited circumstances, therefore, a defendant may seek postconviction review of alleged errors of basic constitutional proportions even though such issues were available for direct review. *See id.* 416 A.2d at 119–21.

Those circumstances, however, are not present in the instant case. In *McGehearty*, the defendant raised on appeal novel constitutional claims that his counsel could not have been expected to appreciate at the time of trial.[2] In the instant case, the only issue of constitutional dimensions is the claim that the trial justice violated the defendant's right under the Sixth and Fourteenth Amendments of the United States Constitution to cross-examine witnesses effectively by unduly restricting cross-exami-

---

2. Similarly, in *Mastracchio v. Houle*, R.I., 416 A.2d 116 (1980), we allowed a defendant to raise an issue of basic constitutional dimensions at a postconviction proceeding even though that issue was available for, but not raised on, direct review because the claim rested primarily on a United States Supreme Court decision which was decided after the appeal had been brought.

nation of the victim. Such a claim does not involve novel constitutional issues that could not have been appreciated by counsel at the time the direct appeal was brought, rather it involves well-settled constitutional principles. The challenges, constitutional and nonconstitutional, which the defendant now raises for postconviction review should have been brought on direct appeal. We see no reason to depart from this procedural requirement in the instant case. *See State v. DeWitt,* R.I., 423 A.2d 828, 830 n.8 (1980); *State v. Robalewski,* R.I., 418 A.2d 817, 826 (1980); *State v. Pope,* 414 A.2d at 786–87.

The defendant's appeal from the denial of his application for postconviction relief is denied and dismissed, the judgment appealed from is affirmed, and we remand the case to the Superior Court with our decision endorsed thereon.