## STATE

v.

## Carl THOMAS.

### No. 97–618–C.A.

Supreme Court of Rhode Island.

Oct. 22, 1998.

Aaron L. Weisman, Andrea J. Mendes, Providence.

Paula Rosin, Paula Lynch Hardiman, Providence.

### ORDER

The case came before the court for oral argument October 6, 1998, pursuant to an order that had directed the defendant to appear in order to show cause why the issues

raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The defendant, Carl Thomas, appeals from an order entered in the Superior Court denying his motion filed in accordance with Rule 35 of the Superior Court Rules of Criminal Procedure to reduce a sentence previously imposed. The defendant had pleaded nolo contendere to three counts of first degree sexual assault, one count charging him with kidnapping, and a charge of simple assault and battery. The plea of nolo had been entered after the complaining witness testified at the trial of these charges. The complaining witness was the former wife of defendant. She testified that defendant had taken her to his residence against her will, that he brutally assaulted her, ripping off her bra and gold chain, and sexually assaulted her, forcing her to submit to cunnilingus, vaginal intercourse and fellatio. The former wife sustained physical injuries including a black eye, an injury to her nose and bruises on her arms. During the course of this encounter defendant threatened the life of his former wife and abused her both verbally and physically.

After judgment of conviction on August 31, 1995, the trial justice imposed concurrent life sentences for each of the three counts of first degree sexual assault. He imposed a sentence of twenty years for the kidnapping to be served consecutively to the concurred life sentences and imposed a sentence of one year for assault and battery to be consecutive to the other sentences. Thus the sentence imposed was life imprisonment plus twenty-one years.

In passing upon the motion to reduce sentence, the justice who presided at the trial expressed the opinion that defendant was not a possible candidate for rehabilitation. He reiterated his determination that the conduct of defendant had been egregious and that the purpose of this sentence was to achieve a long-range incapacitation of this defendant in order to protect society from his inflicting this type of activity upon some other person.

Our review of the record in this case and our application of the limited standard of review as set forth in *State v. Sifuentes*, 667 A.2d 791, 792 (R.I.1995), persuades us that the sentence, though severe, was not manifestly excessive. *See State v. Ouimette*, 479 A.2d 702, 705–06 (R.I.1984). The denial of the motion pursuant to Rule 35 cannot be termed an abuse of discretion. *Id.*

Consequently, the defendant's appeal is denied, and the order of the Superior Court is affirmed.