Adelino AZEVEDO

v.

STATE of Rhode Island.

No. 2007–48–A.

Supreme Court of Rhode Island.

April 23, 2008.

**336**

Martin D. Harris, Esq., for Plaintiff.

Christopher R. Bush, for Defendant.

Present: WILLIAMS, C.J., and GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

Justice GOLDBERG, for the Court.

The applicant, Adelino Azevedo (Azevedo or applicant), appeals from a judgment of the Superior Court that denied his application for postconviction relief. This case came before the Supreme Court on March 5, 2008, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and reviewing the memoranda of the parties, we are of the opinion that cause has not been shown and that this case may be decided without further briefing or argument. We affirm the judgment of the Superior Court.

### Facts and Travel

On March 18, 1996, Kimberly Rossi (Rossi) filed a complaint with the Central Falls Police Department alleging that Azevedo molested their three-year-old daughter, two days earlier, during an unsupervised visit at his residence.[1] On September 6, 1996, Azevedo was charged by indictment with one count of first-degree child molestation sexual assault and one count of second-degree child molestation sexual assault. On January 11, 1999, the state agreed to amend the indictment. Azevedo entered a plea to two counts of second-degree child molestation sexual as-

1. Some of these facts were derived from the parties' filings.

sault and did so in accordance with the holding in *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).[2] The trial justice sentenced Azevedo to concurrent sentences of twelve years at the Adult Correctional Institutions, both of which were suspended, with probation.

More than five years later, and apparently based on his deportation to Portugal, Azevedo filed an application for postconviction relief.[3] He alleged that he did not enter a knowing and voluntary plea, that he was not provided with effective assistance of counsel, and that the prosecutor failed to disclose evidence about the credibility of the state's witnesses. The record discloses that these latter contentions arose from the allegation that Rossi falsely alleged that she was molested as a minor. After a hearing, the trial justice rejected Azevedo's arguments and denied postconviction relief. Azevedo timely appealed.[4]

### Standard of Review

■■■ Postconviction relief is a statutory remedy available to anyone who has been convicted "and who thereafter alleges either that the conviction violated the applicant's constitutional rights or that the existence of newly discovered material facts requires vacation of the conviction in the interest of justice." *Gonder v. State*, 935 A.2d 82, 84 (R.I.2007) (citing *Larngar v. Wall*, 918 A.2d 850, 855 (R.I.2007)). In passing on a decision granting or denying postconviction relief, this Court will refrain

from disturbing a trial justice's factual findings absent a showing that the trial justice overlooked or misconceived material evidence or otherwise was clearly wrong. *Id.* at 85 (citing *State v. Thomas*, 794 A.2d 990, 993 (R.I.2002)). In performing this review, we accord great deference to a trial justice's findings of historical fact. *Id.* However, this Court "will review *de novo* any post-conviction relief decision involving questions of fact or mixed questions of law and fact pertaining to an alleged violation of an applicant's constitutional rights." *Bleau v. Wall*, 808 A.2d 637, 641–42 (R.I.2002).

### Analysis

■■■ The applicant first argues on appeal that he did not enter a knowing, voluntary, and intelligent plea in accordance with Rule 11 of the Superior Court Rules of Criminal Procedure and that the trial justice erred in finding otherwise. In pertinent part, Rule 11 provides that a trial justice "shall not accept * * * a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea." To comply with these requirements, the court must examine the defendant to ascertain that the accused knowingly and voluntarily relinquishes his rights by entering the plea. *See State v. Frazar*, 822 A.2d 931,

---

**2.** In *North Carolina v. Alford*, 400 U.S. 25, 37–38, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the United States Supreme Court held that a trial judge did not commit a constitutional error in accepting the defendant's voluntary plea of guilty to second-degree murder, even though he maintained his innocence, because the record contained strong evidence of actual guilt. The Court stated that although "most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposi-

tion of criminal penalty." *Id.* at 37, 91 S.Ct. 160.

**3.** The applicant was ordered removed from the United States by an immigration judge on July 16, 2004, as a result of the convictions in this case. Azevedo has been deported and now resides in Portugal.

**4.** This Court will treat a premature appeal as if it had been timely filed. *State v. Hesford*, 900 A.2d 1194, 1197 n. 3 (R.I.2006).

935 (R.I.2003). "The record must affirmatively disclose the voluntary and intelligent character of the plea because a valid waiver of constitutional rights cannot be presumed from a silent record." *State v. Feng*, 421 A.2d 1258, 1267 (R.I.1980).

■ After a thorough review of the record in this case, we conclude that the trial justice accepted the plea only after he was satisfied that Azevedo fully understood the rights he was giving up and that the plea was voluntary.

At the postconviction relief hearing, both applicant and his trial counsel testified. Azevedo stated that he informed his attorney that he was innocent and that he did not want to plead *nolo contendere*. He alleged that his attorney instructed him to answer questions untruthfully, that he did not adequately discuss the charges with his attorney, and that he was not advised about the immigration consequences of a conviction. Finally, he testified that his attorney did not investigate Rossi's history, which may have included false accusations. In contrast, trial counsel testified and disputed Azevedo's allegations; he stated that he fully informed Azevedo of the rights he was waiving and the immigration consequences of such a plea.

■ The trial justice concluded that the discussion of the plea and the pretrial investigation were sufficient and resulted "in a voluntary, knowing and intelligent disposition of the indicted charges." The applicant now contends, more than a decade after the indictment was returned, that because he was unable to articulate a full understanding of the constitutional rights he was waiving, his plea was not a knowing and intelligent relinquishment of his rights. Based on the testimony of trial counsel, the transcript of the plea proceeding, and applicant's own responses to questioning, we deem this contention unavailing.[5]

■ The applicant next argues that the trial justice erred in accepting his plea because there was insufficient evidence of defendant's guilt to support an *Alford* plea. This Court has characterized "[t]he so-called *Alford* plea [as] a procedure approved by the Supreme Court of the United States under which a person charged with a criminal offense may plead guilty even though he maintains his innocence as long as the state presents a factual basis for such plea through evidence other then [*sic*] the defendant's own admission." *Armenakes v. State*, 821 A.2d 239, 242 (R.I.2003) (quoting *State v. Fontaine*, 559 A.2d 622, 624 (R.I.1989)). Although a defendant may maintain his or her innocence and need not admit to any criminal conduct, "the result [of entering such a plea] is abundantly clear: the defendant stands convicted of the crime." *Id.* Here, Azevedo argues that, in contrast to the overwhelming evidence against Henry Alford, there was insufficient evidence that implicated him in the offenses. However, this Court has never declared that overwhelming evidence of guilt is a necessary component to an *Alford* plea. Although we question the wisdom and utility of this procedural vehicle, especially in the context of sexual assault allegations, there are no evidentiary hurdles to overcome before

---

5. Unfortunately, in attempting to ascertain whether Azevedo understood the rights he was waiving, the trial justice asked Azevedo if, "from memory, [could you] give me a couple of those constitutional rights that you're giving up." Azevedo responded that he knew he was giving up the right to appeal and the right to a trial. Although it is not the trial justice's function to test an accused's memory during a plea proceeding, the record disclosed that after Azevedo failed this impromptu quiz, the trial justice proceeded to explain the rights Azevedo was giving up and assured himself that he understood those rights.

an *Alford* plea may be accepted. The trial justice must be satisfied that there is a factual basis for the plea and, if so, the plea may be entered. Consequently, we reject this argument.

■ The applicant also argues that his defense counsel provided ineffective assistance of counsel when he failed properly to investigate the case, prepare for trial, and advise applicant of the immigration and constitutional consequences of his plea. After reviewing the record in this case, we are satisfied that Azevedo has failed to sustain his burden of proving that his attorney—a seasoned and respected trial lawyer—did not provide an adequate defense and failed to undertake reasonable efforts on his behalf. Simply put, Azevedo's testimony was not believable and was rejected by the trial justice.

■ Lastly, the applicant argues that newly discovered evidence—that the victim's mother and grandmother made prior false child molestation accusations—requires that his conviction be vacated in the interest of justice. The trial justice found that the applicant knew of at least one of the accusations before the conviction and also concluded that this evidence was insufficient to affect the outcome of the case. We agree with this finding and reject Azevedo's argument that his plea should be vacated.

### Conclusion

Accordingly, and for the foregoing reasons, we deny and dismiss the appeal and affirm the judgment of the Superior Court. The papers in this case are remanded to the Superior Court.