**Supreme Court**

No. 2014-50-Appeal.
(PM 10-5585)

Curley Snell                          :

               v.                     :

State of Rhode Island.                :

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Curley Snell                    :

v.                    :

State of Rhode Island.              :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Indeglia, for the Court.**  The applicant, Curley Snell (Snell or applicant),

appeals from a judgment of the Superior Court denying his application for postconviction relief.

On appeal, Snell contends that the hearing justice erred by rejecting his claim of ineffective

assistance of counsel.  This case came before the Supreme Court for oral argument on September

29, 2015, pursuant to an order directing the parties to appear and show cause why the issues

raised in this appeal should not be summarily decided.  After carefully considering the written

and oral submissions of the parties, we are satisfied that this appeal may be resolved without

further briefing or argument.  For the reasons set forth in this opinion, we affirm the judgment of

the Superior Court.

## I

### Facts and Travel

This Court affirmed Snell's convictions in State v. Snell, 892 A.2d 108, 123 (R.I. 2006)

(Snell II),[1] which sets forth the facts and procedural history of his prosecution.  In short, on

---

[1] Prior to this appeal, Snell has filed three appeals with this Court.  To avoid confusion, we will refer to his previous appeals as follows:  (i) an appeal contesting a hearing justice's finding that

January 11, 2001, Snell argued with his ex-girlfriend, Tanny Eisom (Tanny), about her plans to go out that night. Upon her return to her apartment early the following morning, Snell chased after Tanny and stabbed her and her brother, Slade Edmonds.

On March 19, 2001, Snell was charged with one count of felony domestic assault (count 1), two counts of assault with a dangerous weapon (counts 2 and 3), and one count of simple domestic assault after previously having been convicted twice of domestic assault (count 4). During Snell's trial, in December 2001, both the state and Snell's trial counsel stipulated in the presence of the jury that Snell had been "twice previously convicted of a domestic violence crime." The trial justice then immediately instructed the jury that they were not to consider the previous convictions as evidence that Snell had a propensity to commit the charged offenses. Instead, the trial justice made clear that the jury was to consider the stipulation solely for the purpose of establishing an essential element of count 4, namely, that Snell had been convicted twice previously of domestic violence crimes. He further cautioned that the jury was to consider the stipulation for no other purpose.

The jury convicted Snell on all four counts, and he timely appealed those convictions to this Court. After reviewing the record, we affirmed his convictions on all counts on February 27, 2006. See Snell II, 892 A.2d at 123. On May 26, 2006, Snell timely moved for a reduced sentence, which the trial justice denied. We affirmed that decision in State v. Snell, 11 A.3d 97, 103 (R.I. 2011) (Snell III). On September 23, 2010, Snell filed an application for postconviction relief. In it, he alleged that his trial counsel was "constitutionally deficient because he failed to even attempt to prevent the jury from hearing that [Snell] had two prior convictions for domestic

Snell violated his probation, see State v. Snell, 861 A.2d 1029, 1030 (R.I. 2004) (Snell I); (ii) an appeal contesting his convictions, see State v. Snell, 892 A.2d 108, 112 (R.I. 2006) (Snell II); and (iii) an appeal from an order denying his motion to reduce his sentence, see State v. Snell, 11 A.3d 97, 98 (R.I. 2011) (Snell III).

violence, but, instead, actually stipulated to this fact before the jury."[2]  At the hearing, the parties submitted memoranda and stipulated facts, the hearing justice heard oral arguments, and Snell testified.  Snell's trial counsel could not be located and therefore was unavailable to testify.

In his bench decision denying Snell's application, the hearing justice noted that count 4 charged Snell with violating G.L. 1956 § 11-5-3 which, because it would be his third offense, "required [the state] to prove beyond a reasonable doubt that [Snell] had at least two prior convictions of domestic violence offenses."  See G.L. 1956 § 12-29-5.[3]  The hearing justice considered the stipulation to be a tactical decision, reasoning that Snell's trial counsel chose to stipulate to the existence of the prior convictions, "[r]ather than allow[ing] the jury to see or consider the certified copies of the convictions and to hear the details of the prior crimes * * * as well as the resulting sentences imposed for each of those prior convictions * * * ."  The hearing justice further noted that "the trial court properly characterized the prior convictions as elements of crimes charged and cautioned the jury from considering or using [the stipulation] for any other purpose or in any other way."  As to Snell's contention that his counsel should have stipulated to the convictions outside the presence of the jury, the hearing justice countered that counsel had no control with regard to "whether [the trial court] was going to read that stipulation to the jury[.]"

---

[2] Snell also alleged in his application that his trial counsel was deficient by not timely objecting to the fact that he was wearing prison clothes, handcuffs, and leg shackles at trial.  He does not press these issues on appeal.

[3] The Domestic Violence Prevention Act, G.L. 1956 § 12-29-5, provides in pertinent part:

"(c)(1) Every person convicted of an offense punishable as a misdemeanor involving domestic violence as defined in § 12-29-2 shall:

"(i) For a second violation be imprisoned for a term of not less than ten (10) days and not more than one year.

"(ii) For a third and subsequent violation be deemed guilty of a felony and be imprisoned for a term of not less than one year and not more than ten (10) years."

He also noted that "the Supreme Court upheld the conviction, including the fact that that stipulation was read to the jury."[4]

After three unsuccessful appeals, Snell is again before this Court, this time arguing that the hearing justice erred in denying his application for postconviction relief.

## II

## Standard of Review

"The postconviction remedy, set forth in G.L. 1956 § 10-9.1-1, provides that 'one who has been convicted of a crime may seek collateral review of that conviction based on alleged violations of his or her constitutional rights.'"[5] Anderson v. State, 45 A.3d 594, 601 (R.I. 2012) (quoting Rice v. State, 38 A.3d 9, 16 (R.I. 2012)). In so doing, the "applicant who files an application for postconviction relief bears the burden of proving, by a preponderance of the evidence, that such relief is warranted." Mattatall v. State, 947 A.2d 896, 901 n.7 (R.I. 2008).

"In reviewing the denial of postconviction relief, this Court affords great deference to the hearing justice's findings of fact and will not disturb his or her ruling 'absent clear error or a showing that the [hearing] justice overlooked or misconceived material evidence.'" Rice, 38 A.3d at 16 (quoting Brown v. State, 32 A.3d 901, 907-08 (R.I. 2011)). "[H]owever, 'questions of fact concerning whether a defendant's constitutional rights have been infringed, and mixed question[s] of law and fact with constitutional implications, are reviewed de novo.'" Mattatall,

---

[4] In Snell's previous appeal contesting his convictions, he asserted that "the trial justice abused his discretion in permitting the jury to hear that he had been convicted twice previously of domestic assault * * *." Snell II, 892 A.2d at 122. However, because the issue was not raised in the trial court, this Court held that Snell's argument was waived. Id. at 123.

[5] In 2015, subsequent to the filing of this appeal, the General Assembly amended G.L. 1956 § 10-9.1-9, as amended by P.L. 2015, ch. 92, § 1, to provide that an aggrieved party may seek review of an order denying postconviction relief "by filing a petition for writ of certiorari in accordance with the [S]upreme [C]ourt rules of [A]ppellate [P]rocedure within sixty (60) days of the entry of the final judgment."

947 A.2d at 901 (quoting State v. Thomas, 794 A.2d 990, 993 (R.I. 2002)). "Nevertheless, '[e]ven when the de novo standard is applied to issues of constitutional dimension, we still accord a hearing justice's findings of historical fact, and inferences drawn from those facts, great deference in conducting our review.'" Rice, 38 A.3d at 16 (quoting State v. Laurence, 18 A.3d 512, 521 (R.I. 2011)).

### III

### Discussion

When assessing claims of ineffective assistance of counsel, this Court employs the two-tier test set forth in Strickland v. Washington, 466 U.S. 668 (1984), requiring that the defendant show "(1) that the counsel's performance was so deficient and the errors so serious that they violate a defendant's Sixth Amendment guaranty of counsel; and, (2) that this deficient performance prejudiced his or her defense and deprived the defendant of his or her right to a fair trial." Rice, 38 A.3d at 17 (quoting Pierce v. Wall, 941 A.2d 189, 193 (R.I. 2008)). To demonstrate a deficiency under the first prong of this analysis, the defendant must establish "that counsel's representation fell below an objective standard of reasonableness." Rodriguez v. State, 941 A.2d 158, 162 (R.I. 2008) (quoting Brennan v. Vose, 764 A.2d 168, 171 (R.I. 2001)). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Pelletier v. State, 966 A.2d 1237, 1241 (R.I. 2009) (quoting Strickland, 466 U.S. at 687). In analyzing counsel's conduct under the deficiency prong, we are mindful that "there exists 'a strong presumption [recognized by this Court] that an attorney's performance falls within the range of reasonable professional assistance and sound strategy * * *.'" Rice, 38 A.3d at 17 (quoting Ouimette v. State, 785 A.2d 1132, 1138-39 (R.I. 2001)).

Only if this Court determines that trial counsel's performance was constitutionally deficient does it proceed to the second prong, requiring the defendant "to demonstrate prejudice emanating from the attorney's deficient performance such as 'to amount to a deprivation of the [defendant's] right to a fair trial.'" Rodriguez, 941 A.2d at 162 (quoting Brennan, 764 A.2d at 171). This prong can be satisfied only upon a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (quoting Strickland, 466 U.S. at 694).

On appeal, Snell contends that his trial counsel was ineffective because he stipulated to Snell's two prior convictions for domestic assault in the presence of the jury. Specifically, Snell claims that the existence of his two prior domestic assault convictions should have been taken into account as sentencing enhancements, not as elements of the offense, and so their admission for the jury's consideration was improper. Snell argues that his trial counsel's failure to recognize that the prior convictions were sentencing factors rendered him deficient. In support of his claim, Snell cites to this Court's decision in State v. Ramirez, 936 A.2d 1254, 1268 (R.I. 2007), in which the defendant challenged the enhanced sentence he received as a habitual offender on the grounds that his Sixth Amendment rights were violated because his sentence was based on prior convictions not found by the jury. Snell relies on dicta[6] from Ramirez, in which we noted that, in the context of the habitual offender statute, G.L. 1956 § 12-19-21, "a prior judgment of conviction as reflected in a genuine court document is sufficient proof and need not be proved to a jury beyond a reasonable doubt." Ramirez, 936 A.2d at 1271. Snell argues that, based on Ramirez, the prior convictions at issue in this case, like those under the habitual

---

[6] In State v. Ramirez, 936 A.2d 1254, 1269 (R.I. 2007), we first held that the defendant's Sixth Amendment challenge had not been raised at the time of sentencing and was, therefore, waived. This Court nevertheless went on to discuss the defendant's arguments, after prefacing the discussion by stating that "were this argument properly before us, it is without merit." Id.

offender statute, are not elements of the crime for which he was charged and need not be submitted to the jury.[7]

Snell's argument misses the mark. This Court has not yet had an opportunity to interpret the Domestic Violence Prevention Act, § 12-29-5, to determine whether the prior convictions required therein are elements of the underlying offense or merely sentencing factors and we need not do so today. The circumstances before the trial justice, at best, presented a novel issue. In fact, it is notable that all of the parties involved, including the trial justice and the prosecutor, treated the prior convictions as an element of the crime. Numerous state and federal courts have addressed the issue of whether a claim for ineffective assistance of counsel may be founded based on a novel legal argument or theory of defense, concluding that the "failure to advance novel legal theories or arguments does not constitute ineffective performance." Ledbetter v. Commissioner of Correction, 880 A.2d 160, 167 (Conn. 2005); see Anderson v. United States, 393 F.3d 749, 754 (8th Cir. 2005) ("Counsel's failure to raise this novel argument does not render his performance constitutionally ineffective."); People v. Reed, 556 N.W.2d 858, 863 (Mich. 1996) ("[D]efense counsel's performance cannot be deemed deficient for failing to advance a novel legal argument."); see also United States v. Fusaro, 708 F.2d 17, 26 (1st Cir. 1983) (defense counsel's "failure to spot" a novel claim did "not render counsel's assistance below the range of competence of attorneys"); cf. Engle v. Isaac, 456 U.S. 107, 134 (1982) ("[T]he Constitution guarantees criminal defendants only a fair trial and a competent attorney. It

---

[7] Notably, Snell's reliance on the dicta from Ramirez is misplaced. First, Ramirez considered stipulations outside of the presence of the jury in a wholly different context—the habitual offender statute. Thus, Snell's trial counsel would not necessarily be deficient by neglecting to predict that we may interpret the Domestic Violence Prevention Act in a similar manner. Moreover, Snell's trial counsel cannot possibly have been expected to rely on our decision in Ramirez in making his trial decisions in 2001, because our decision in Ramirez was not published until 2007.

does not insure that defense counsel will recognize and raise every conceivable constitutional claim."). We agree with this view, and conclude that defense counsel's failure to raise a novel legal issue does not render his performance deficient.

Snell also contends that his trial counsel's conduct in stipulating to his prior convictions in the presence of the jury was objectively unreasonable. In support, Snell cites to Old Chief v. United States, 519 U.S. 172, 180-92 (1997), in which the Supreme Court held that, based on Rule 403 of the Federal Rules of Evidence, the risk of unfair prejudice substantially outweighed the value of the prosecution introducing a record of conviction when a stipulation was available. Snell relies on the Court's reasoning that evidence of a defendant's prior conviction "generally carries a risk of unfair prejudice to the defendant", Old Chief, 519 U.S. at 185, to support his argument that it was objectively unreasonable for his trial attorney to stipulate to the prior convictions in the presence of the jury.

Contrary to Snell's assertions, however, merely because defense counsel may have the option of stipulating outside of the presence of the jury does not always require such conduct. In some instances, stipulating to facts in the presence of the jury may be considered trial strategy. Indeed, in a case such as this, where the prosecutor, trial judge, and defense attorney all considered the fact of prior convictions to be an element of the offense, it may have been sound trial strategy for the defense attorney to stipulate to the prior convictions rather than run the risk that the graphic details of the offenses might be presented to the jury. As we have previously recognized, "a choice between trial tactics, which appears unwise only in hindsight, does not constitute constitutionally deficient representation * * *." Rice, 38 A.3d at 18 (quoting State v. D'Alo, 477 A.2d 89, 92 (R.I. 1984)). Therefore, we cannot say that Snell's trial counsel was deficient.

Accordingly, we hold that Snell has failed to meet his burden in seeking to prove his claim of ineffective assistance of counsel. Snell's plaints can be categorized as either taking issue with his trial counsel's failure to raise a novel legal issue or faulting counsel for making tactical decisions that an otherwise reasonably competent trial attorney would make. In either event, the trial counsel's conduct cannot be said to be deficient; and, therefore, the hearing justice did not err in denying Snell's application for postconviction relief.

Notably, even if Snell were able to establish that his trial counsel was ineffective for stipulating to his prior offenses in the presence of the jury, he would be unsuccessful in satisfying the "prejudice" prong of the Strickland test. The trial counsel's mention of the existence of two prior domestic violence offenses pales in comparison to the evidence presented to the jury of Snell's egregious behavior in the case at hand. Additionally, the trial justice gave a cautionary instruction to the jury, instructing them that they were not to consider the previous convictions as evidence that Snell had a propensity to commit the charged offenses. Therefore, we are satisfied that Snell's right to a fair trial was not prejudiced by his trial counsel's conduct.

**IV**

**Conclusion**

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The materials associated with this case may be remanded to that court.



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:** Curley Snell v. State of Rhode Island.

**CASE NO:** No. 2014-50-Appeal.
(PM 10-5585)

**COURT:** Supreme Court

**DATE OPINION FILED:** November 17, 2015

**JUSTICES:** Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:** Associate Justice Gilbert V. Indeglia

**SOURCE OF APPEAL:** Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Stephen P. Nugent

**ATTORNEYS ON APPEAL:**

For Applicant: Catherin Gibran
Office of the Public Defender

For State: Virginia M. McGinn
Department of Attorney General