**Supreme Court**

No. 2017-351-Appeal.
(PM 12-128)

Adless Desamours          :

v.          :

State of Rhode Island.          :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at (401) 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Adless Desamours             :

                    v.             :

State of Rhode Island.          :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Goldberg, for the Court.**  Adless Desamours (applicant) appeals from the denial of his application for postconviction relief in Providence County Superior Court.[1]  This case came before the Supreme Court on March 28, 2019, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After hearing the arguments of counsel and reviewing the memoranda of the parties, we are satisfied that cause has not been shown.  Accordingly, for the reasons set forth herein, we affirm the judgment of the Superior Court.

**Facts and Travel**

On September 15, 1999, at approximately 5 p.m., applicant was arrested by Providence police officers in Roger Williams Park in Providence, Rhode Island.  The applicant was charged by way of criminal information with one count of possession of a controlled substance, cocaine, in violation of G.L. 1956 § 21-28-4.01(C)(1)(a), and one count of obstructing a police officer, in

---

[1] In 2015, G.L. 1956 § 10-9.1-9 was amended to require that an aggrieved party file a petition for writ of certiorari to review the denial of an application for postconviction relief.  *See* P.L. 2015, ch. 91, § 1; P.L. 2015, ch. 92, § 1.  Because applicant's notice of appeal was filed on April 23, 2012, before this amendment took effect, his appeal is proper.

violation of G.L. 1956 § 11-32-1. The facts leading up to applicant's arrest and subsequent plea of nolo contendere are in dispute.

According to the criminal information and the accompanying documents, on September 15, 1999, Officer Shawn Kennedy (Officer Kennedy) of the Providence Police Department was on patrol in Roger Williams Park and observed applicant, who was seated at a picnic table, drinking a bottle of malt liquor. As Officer Kennedy approached applicant to inform him that he was not allowed to drink alcohol in the park, he observed "in plain view" a $20 bill on the picnic table next to applicant. The $20 bill had a "white powder substance" on it, which appeared to be cocaine. When asked his name, applicant falsely identified himself as "Dale Montellio" and stated that his date of birth was April 12, 1974. The applicant was taken into custody "without incident for public drinking and possession of suspected cocaine[.]" Officer Kennedy also seized the bottle of malt liquor and the $20 bill, which later tested positive for cocaine. Once at the police station, it was discovered that applicant's real name was Adless Desamours and that his date of birth was January 20, 1978.

On November 30, 1999, applicant entered a plea of nolo contendere to the charge for possession of cocaine and was sentenced to two years' probation. The count for obstruction was dismissed pursuant to Rule 48(a) of the Superior Court Rules of Criminal Procedure. The plea colloquy at the November 30, 1999 hearing, which is at issue in this appeal, went as follows:

> "THE COURT: * * * As to Count One, possession of cocaine, do you understand what you're doing by pleading nolo to this charge? It's equivalent to a plea of guilty, and you're giving up certain rights.
>
> Your right to have a trial, your right to take an appeal, your presumption of innocence. These things you're giving up by pleading nolo to this charge.
>
> Do you understand that?

- 2 -

| | |
|---|---|
| "DEFENDANT: | Yes. |
| "THE COURT: | And you signed this piece of paper, this document, yourself? No one forced you to sign it, right? |
| "DEFENDANT: | Yes, I did. |
| "THE COURT: | And you understand what's contained in it? |
| "DEFENDANT: | Yes, I do. |
| "THE COURT: | A brief recitation of facts, please. |
| "[THE STATE]: | Your Honor, should this matter proceed to trial, the State is prepared to prove beyond a reasonable doubt that Adless Desamours, on or about the 15th day of September 1999 at Providence, did possess cocaine in violation of Rhode Island general laws. |
| "THE COURT: | Do you agree with those facts? |
| "DEFENDANT: | I do. |
| "THE COURT: | I'm satisfied the defendant knows what he's doing by pleading nolo. I'm also satisfied with the factual basis; therefore, the plea may enter." |

On January 10, 2012, more than twelve years after his plea, applicant filed an application for postconviction relief. The applicant claimed that his plea of nolo contendere was entered in violation of Rule 11 of the Superior Court Rules of Criminal Procedure because the Superior Court justice did not properly ascertain whether applicant understood the nature of the charge and the consequences of his plea, and because the Superior Court justice did not sufficiently satisfy himself that there was a factual basis for the plea. The applicant, a native and citizen of Haiti, additionally claimed that he received ineffective assistance of counsel because he "was not advised by anyone" of the immigration consequences of his plea.

In support of his application, applicant filed his own affidavit, in which he recited a different factual predicate than that which was set forth in the police report. According to applicant, on September 15, 1999, he was at Roger Williams Park with an acquaintance. The applicant was holding a can of beer as he and his acquaintance were approached by the Roger Williams Park Police. After a brief conversation, the officers permitted applicant's companion

to leave the area; however, because applicant was holding the can of beer, he was detained.[2] During this time, one of the officers spotted a rolled-up bill on the ground, which proved to contain a small amount of cocaine. The applicant was later charged with possession of cocaine. Despite pleading nolo contendere, applicant's affidavit declared: "I maintained my innocence with respect to the cocaine, as it belonged to my companion, not myself. Because I was told that I could receive a jail sentence if convicted at trial, and the [s]tate was offering probation, I decided to plea *nolo* to the charge."

The state opposed the application for postconviction relief and argued that applicant failed to sustain his burden of demonstrating that the Superior Court justice failed to comply with the requirements of Rule 11 or that his legal counsel provided ineffective assistance. The state's objection also emphasized that the plea document signed by applicant advised him that his plea "may result in deportation proceedings[.]" Finally, the state raised the defense of laches, arguing that applicant did not file his application for postconviction relief within a reasonable time after his plea.

On March 7, 2012, the postconviction-relief application was heard before a different Superior Court justice (the postconviction hearing justice).[3] Christine O'Connell (O'Connell), an assistant public defender and applicant's legal counsel at the time of his plea, testified and explained that, because she has represented thousands of clients during her twenty-five-year career with the Public Defender's office, she had no independent recollection of applicant or the plea in question. Nevertheless, O'Connell testified that she would never have instructed a client

---

[2] Although the criminal information states that applicant was drinking a bottle of malt liquor, in his affidavit applicant avers that he was drinking a can of beer; this factual dispute has no bearing on this Court's analysis but points to the difficulties that a trial could present.

[3] The applicant was not present at the hearing.

- 4 -

to sign a plea form without discussing its contents with the client, and that she would not have affixed her signature to the plea form if she had not done so. In addition, O'Connell testified that the only time she would have advised a client who maintained his innocence with respect to a particular charge to enter a plea was in the context of an *Alford* plea.[4]

Following O'Connell's testimony, the court heard oral argument. Counsel for applicant argued that the Superior Court justice failed to "enunciate" the rights applicant was waiving in pleading nolo contendere, as the plea colloquy is devoid of any evidence that those rights were discussed with and understood by applicant.[5] Counsel also argued that the affirmative defense of laches did not apply. The state responded that the plea colloquy was sufficient because there was evidence in the record to support a finding that applicant's plea was voluntary at the time it was entered and that he was aware of the nature of the charges at that time. The state concluded by arguing that the defense of laches applied because the state would be prejudiced due to the fact that its "best evidence," the seized cocaine, had been destroyed.

On April 3, 2012, the postconviction hearing justice rendered a bench decision denying the application. In doing so, the postconviction hearing justice described the plea colloquy as "bare-boned," but nevertheless concluded that the court reasonably could have found that

---

[4] "The so-called *Alford* plea is a procedure approved by the Supreme Court of the United States under which a person charged with a criminal offense may plead guilty even though he maintains his innocence as long as the state presents a factual basis for such plea through evidence other than the defendant's own admission." *State v. Fontaine*, 559 A.2d 622, 624 (R.I. 1989); *see North Carolina v. Alford*, 400 U.S. 25 (1970).

[5] In addition, applicant argued that there was a violation of *Padilla v. Kentucky*, 559 U.S. 356 (2010), which held that a criminal defense attorney has an obligation to properly inform his or her clients of the immigration consequences of their plea. *Padilla*, 559 U.S. at 373-74. However, the Supreme Court's ruling in *Padilla* does not retroactively apply to convictions that were "final" when *Padilla* was decided. *See Chaidez v. United States*, 568 U.S. 342, 344 (2013). Therefore, *Padilla* does not apply in this case, because final judgment entered on January 4, 2000, and there was no appeal taken from that judgment.

applicant was aware of the nature of his plea and that applicant fully understood his rights and knowingly relinquished those rights. The postconviction hearing justice further concluded that there was a factual basis for the offense of possession of cocaine and that applicant agreed with the recitation of facts at the plea hearing that he had possessed the cocaine in question. The postconviction hearing justice denied applicant's claim of ineffective assistance of counsel and declined to address the issue of laches. The applicant appealed.

## Standard of Review

Postconviction relief is a remedy provided by statute—G.L. 1956 § 10-9.1-1—and is "available to a convicted defendant who contends that his [or her] original conviction or sentence violated rights afforded to him [or her] under the state or federal constitution." *Hazard v. State*, 968 A.2d 886, 891 (R.I. 2009) (quoting *Chalk v. State*, 949 A.2d 395, 398 (R.I. 2008)). An applicant for postconviction relief "bears the burden of proving, by a preponderance of the evidence, that such relief is warranted * * *." *Rice v. State*, 38 A.3d 9, 16 (R.I. 2012) (quoting *Mattatall v. State*, 947 A.2d 896, 901 n.7 (R.I. 2008)). When passing on a decision to grant or deny postconviction relief, "this Court will refrain from disturbing a trial justice's factual findings absent a showing that the trial justice overlooked or misconceived material evidence or otherwise was clearly wrong." *Hazard*, 968 A.2d at 891 (quoting *Azvedo v. State*, 945 A.2d 335, 337 (R.I. 2008)). However, as we repeatedly have stated, "this Court will review *de novo* any post[]conviction relief decision involving questions of fact or mixed questions of law and fact pertaining to an alleged violation of an applicant's constitutional rights." *Id.* (quoting *Azvedo*, 945 A.2d at 337). Nevertheless, "even when the *de novo* standard is applied to issues of constitutional dimension, we still accord a hearing justice's findings of historical fact, and

inferences drawn from those facts, great deference in conducting our review." *Rice*, 38 A.3d at 16 (brackets omitted).

## Analysis

On appeal, applicant argues that the trial justice deviated from the mandate set forth in Rule 11 by (1) failing to ensure that applicant entered his plea of nolo contendere knowingly and voluntarily, and (2) failing to establish a factual basis for his plea. This argument lacks merit.

Before accepting a plea in a criminal case, a trial justice is obliged to conduct a thorough review of the plea agreement with the defendant, as set forth in Rule 11, which provides, in pertinent part:

> "The court * * * shall not accept [a plea of guilty] or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. * * * The court shall not enter a judgment upon a plea of guilty or nolo contendere unless it is satisfied that there is a factual basis for the plea."

Therefore, under Rule 11, there are two prerequisites that must be satisfied at the plea colloquy before a plea of nolo contendere can be accepted: (1) a determination "that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea"; and (2) a finding "that there is a factual basis for the plea."

As for the first prerequisite, a hearing justice "should engage in as extensive an interchange as necessary so that the record as a whole and the circumstances in their totality will disclose to a court reviewing a guilty or nolo plea that the defendant understood the nature of the charge and the consequences of the plea." *State v. Frazar*, 822 A.2d 931, 935 (R.I. 2003) (quoting *State v. Feng*, 421 A.2d 1258, 1267 (R.I. 1980)). The applicant argues that the Superior Court justice did not properly ensure that applicant's plea was knowing and voluntary because he did not enunciate the rights applicant was waiving in making his plea. We disagree. Although

- 7 -

the plea colloquy between applicant and the Superior Court justice can indeed be characterized as "bare-boned," there was no Rule 11 violation. The transcript of the plea hearing reveals that the Superior Court justice advised applicant of the rights he was waiving by entering a plea of nolo contendere, and that applicant confirmed his relinquishment of those rights. In addition, the Superior Court justice asked applicant if he signed the plea form voluntarily and if he understood the contents contained in the plea form, which included the following language:

> "**I UNDERSTAND THAT IF I AM A RESIDENT ALIEN, A SENTENCE IMPOSED AS A RESULT OF MY PLEA MAY RESULT IN DEPORTATION PROCEEDINGS OVER WHICH THIS COURT HAS NO CONTROL.**"

The applicant answered both questions in the affirmative. Moreover, applicant was represented by an experienced and well-respected criminal defense attorney, who testified that she routinely reviews plea forms with her clients and would have done so in this case. We have every confidence that O'Connell discussed the contents of the plea form with applicant; there is no reason to doubt her.

As for the second prerequisite, the factual basis of the plea, applicant contends that the recitation of the facts was inadequate because the state did not indicate that applicant had the knowledge and intent to possess the cocaine. However, contrary to applicant's assertion, the state recited facts that, although conclusory, supported the charge against applicant, and applicant acknowledged that those facts were true. Possession of cocaine in violation of § 21-28-4.01(c)(1)[6] constitutes a general-intent crime in which "[i]t shall be unlawful for any person knowingly or intentionally to possess a controlled substance * * *." *See Sharbuno v. Moran*, 429 A.2d 1294, 1296 (R.I. 1981) ("[T]he Legislature recognized the need for including a general-intent element in the definition of the offense [of possession of a controlled substance]. This is

---

[6] The statute that applicant was charged under in 1999, G.L. 1956 § 21-28-4.01(C)(1)(a), is now found at § 21-28-4.01(c)(1).

evident in the use of the 'knowingly or intentionally' language in § 21-28-4.01(C).").  "General-intent crimes require only the 'intention to make the bodily movement which constitutes the act which the crime requires[.]'"  *State v. Sivo*, 925 A.2d 901, 914 (R.I. 2007) (quoting 1 LaFave, *Substantive Criminal Law* § 5.2(e) at 355 (2d ed. 2003)).  The applicant unequivocally agreed with the state's recitation of facts it would prove if the matter proceeded to trial.  Specifically, applicant agreed that he "did possess cocaine in violation of Rhode Island General Laws" on September 15, 1999.

Our careful review of the transcript of the plea hearing convinces us that the requirements of Rule 11 were satisfied in this case.  It is our opinion that the trial justice's colloquy with applicant established that the plea was voluntary and that it was made with knowledge and understanding of the charge against him.  *See Rodrigues v. State*, 985 A.2d 311, 314 (R.I. 2009).  Accordingly, we affirm the postconviction hearing justice's finding that the Superior Court justice fully satisfied Rule 11's requirement of determining that applicant understood the nature of the charge and that applicant made a voluntary and intelligent plea.

Finally, although the postconviction hearing justice did not address the state's affirmative defense of laches, applicant argues on appeal that laches is not applicable in this case.  We disagree.  "[L]aches is an equitable defense that precludes a lawsuit by a plaintiff who has negligently sat on his or her rights to the detriment of a defendant."  *School Committee of Cranston v. Bergin-Andrews*, 984 A.2d 629, 644 (R.I. 2009) (quoting *O'Reilly v. Town of Glocester*, 621 A.2d 697, 703 (R.I. 1993)).  To establish a laches defense, the state has the burden of proving "by a preponderance of the evidence that the applicant [was] unreasonably delayed in seeking relief *and* that the state is prejudiced by the delay."  *Raso v. Wall*, 884 A.2d 391, 395 (R.I. 2005).

Twelve years passed from the time applicant entered his plea in November 1999 to the filing of his petition for postconviction relief in January 2012. Although it is well settled that "time lapse alone does not constitute laches[,]" *Rodriques v. Santos*, 466 A.2d 306, 311 (R.I. 1983), applicant has not offered a credible explanation for the twelve-year delay. He knew from the moment that he signed the plea form that his plea could result in deportation consequences.

There is sufficient evidence in the record to support a finding by the postconviction hearing justice by a preponderance of the evidence that the state was prejudiced by the delay. The delay here is particularly worrisome because applicant's affidavit raises new factual disputes. Accordingly, we are of the opinion that applicant's petition for postconviction relief could also have been denied based on the doctrine of laches.

## Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court. The record shall be remanded to the Superior Court.

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Adless Desamours v. State of Rhode Island. |
| **Case Number** | No. 2017-351-Appeal.<br>(PM 12-128) |
| **Date Opinion Filed** | June 14, 2019 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Sarah Taft-Carter |
| **Attorney(s) on Appeal** | For Applicant:<br><br>Peter F. Spencer, Esq.<br>Hans Bremer, Esq.<br>Randy Olen, Esq. |
| | For State of Rhode Island:<br><br>Christopher R. Bush<br>Department of Attorney General |